UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CARL HAMPTON                                                                                                   PLAINTIFF

v.                                                                          CIVIL ACTION NO. 4:11-cv-72-CWR-FKB

JIMMY REID, et al.                                                                                        DEFENDANTS

**MEMORANDUM OPINION**

On April 27, 2011, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This Court entered on May 10, 2011, an order [9] directing Plaintiff to file a written response on or before June 1, 2011. Even though Plaintiff was warned in that order [9] as well as previous orders [3 & 4] that failure to comply with an order of this Court or failure to provide a change of address could result in the dismissal of the instant action, he failed to comply with the order [9] entered on May 10, 2011.

An order to show cause [10] was entered on June 20, 2011, directing Plaintiff to respond in writing on or before July 6, 2011, and explain why this case should not be dismissed for his failure to comply with the Court's order [9] entered on May 10, 2011. Plaintiff was warned in each of the orders [9 & 10] that failure to comply with any Court orders or the failure to advise of a change of address could result in the instant civil action being dismissed without further notice to him.

The order [10] entered on June 20, 2011, was mailed to Plaintiff's at his last known address. The envelope [11] containing that order was returned by the postal service with a notation "Return to Sender, Attempted - Not Known - Unable to Forward."

Out of an abundance of caution, a second and final order to show cause [12] was entered on July 21, 2011. Plaintiff was ordered to file a written response on or before August 5, 2011, showing cause why this case should not be dismissed for his failure to comply with the Court's orders [9 &

10]. Plaintiff was warned that failure to keep this Court informed of his current address or failure to comply with the Court's order in a timely manner would result in the instant civil action being dismissed without further notice to the plaintiff. On August 11, 2011, the envelope [13] containing the second and final order to show cause [12] was returned by the postal service with a notation "Return to Sender, No Longer in Our Jail, Not Deliverable as Addressed, Unable to Forward."

Plaintiff has failed to comply with three court orders and he has not contacted this Court since May 9, 2011. The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally, Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009)(affirming dismissal based on inmate's failure to comply with a court order). Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. App'x 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 30th day of August, 2011.

                                      s/Carlton W. Reeves
                                      UNITED STATES DISTRICT JUDGE